IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICK JONES, Jr., #0019168,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-1337-JPG |
| ) | |
| **SHANNON WOLFF,** ) | |
| **DETECTIVE COFFEE,** ) | |
| **DEPUTY SHERIFF MILES,** ) | |
| **JOHN DOE 1, JOHN DOE 2,** ) | |
| **JARROD PETERS, and** ) | |
| **RANDOLPH COUNTY SHERIFF'S** ) | |
| **DEPARTMENT,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF IMPENDING DISMISSAL

**GILBERT, District Judge:**

On December 15, 2020, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On December 17, 2020, the Court entered an Order directing Plaintiff to provide the Clerk of Court with his prisoner trust fund account statement and certification form completed by the Trust Fund Officer for the period June 1, 2020, through December 15, 2020 within 45 days (*i.e.*, on or before February 1, 2021) (Doc. 5). He was warned that failure to do so would result in dismissal of the action, and he was provided with a blank certification form. *Id*.

On January 6, 2021, Plaintiff filed a "Supplement" to the IFP Motion, stating that he provided the certification form to C.O. Juenger, who refused the form, and to C.O. Guisen, who accepted the form on December 29, 2020. (Doc. 7). On February 25, 2021, the Court provided

the Randolph County Jail Trust Fund Officer with another copy of the Order at Document 5. Neither the trust fund account information nor the certification form has been filed to date.

Plaintiff has failed to provide the necessary prisoner trust fund account information required to determine whether he is entitled to proceed without prepaying fees and costs. Without a properly completed IFP Motion and certified trust fund statement for the applicable time period, the Court will not grant IFP status or allow him to proceed any further in this matter. Plaintiff will be given one last opportunity to pursue this case – an additional fourteen (14) days to submit a properly completed trust fund certification and statement.  **This case will be dismissed if Plaintiff fails to comply with this Order.**  *See* FED. R. CIV. P. 41(b).

Accordingly, Plaintiff is **ORDERED** to provide the Court with a properly completed trust fund certification and statement on or before **April 26, 2021**. The Clerk is **DIRECTED** to re-send Plaintiff a copy of the form certification (Doc. 5).  The Court **DEFERS** its preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A until after Plaintiff complies with this Order.

Plaintiff is also **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his address. The Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  **Failure to comply with this Order will result in dismissal of this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

DATED:  4/12/2021                                            s/J. Phil Gilbert
                                                             **J. PHIL GILBERT**
                                                             **United States District Judge**